IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kevin Wayne Parker,<br>    Petitioner,<br><br>v.<br><br>Loretta Kelly<br>    Respondent. | )<br>)<br>)<br>)   1:11cv749 (LMB/TRJ)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Kevin Wayne Parker, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a bench trial in the Circuit Court for the City of Richmond, Virginia. On September 21, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Parker was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Parker, a former apartment maintenance worker, used his building key to break into a tenant's apartment. He raped, stabbed, and bound the tenant with duct tape. He also stole her debit card and obtained its pin number. On March 25, 2008, following a bench trial, the Circuit Court for the City of Richmond convicted Parker of robbery, statutory burglary, malicious wounding, and unlawful wounding. Commonwealth v. Parker, CR07F-810, CR07F-811, CR07F-6163, CR07F-6164, CR07F-6165. The trial court sentenced Parker to a total aggregate

sentence of 150 years in prison, with 110 years suspended.

Parker appealed his conviction to the Court of Appeals of Virginia, alleging three grounds for relief. The Court of Appeals granted Parker an appeal on the first two issues. Following briefing and argument, the Court of Appeals affirmed the convictions in an unpublished decision entered on May 19, 2009. Parker v. Commonwealth, R. No 0787-08-2. Parker sought further appeal on all three grounds in the Supreme Court of Virginia, which refused the appeal on September 19, 2009. Parker v. Commonwealth, R. No. 091233

Parker then filed a state petition for writ of habeas corpus in Circuit Court for the City of Richmond, Virginia. The following claims are the ones raised by Parker that are relevant to the adjudication of the instant petition:

> A. He received ineffective assistance of trial counsel because counsel failed to:
>
> 1) conduct a reasonable pre-trial investigation; specifically he failed to seek forensic testing of several specified pieces of evidence;
>
> 2) advise Parker he could seek the appointment of a DNA expert to assist in his defense.

The Circuit Court denied and dismissed the petition in Order dated June 28, 2010. Parker appealed that decision to the Supreme Court of Virginia, which refused his appeal on May 26, 2011. Parker v. Commonwealth, No. CL10000926-00.

On July 7, 2011, petitioner timely filed the instant petition,[1] arguing that he received

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Parker certified that he placed his petition into the prison mailing system on July 7, 2011. Pet. at 14, ECF No. 1.

2

ineffective assistance of counsel because trial counsel failed to conduct a reasonable investigation when he refused to seek forensic testing of (1) the victim's bed, (2) the knife, and (3) tissues that possibly contained the attacker's ejaculate. See Attachment to Pet. at 13; ECF No. 1.

## II. Procedural Bar

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

A. Claims (1) and (2)

Under these principles, Parker's first two claims are procedurally defaulted. Parker presented his first and second claims to the Supreme Court of Virginia during his state habeas proceedings, therefore those claims are exhausted.[2] However, the Supreme Court of Virginia dismissed those claims because the appeal was not perfected as required by Rule 5:17(c)(1)(iii),

---

[2] Parker appealed the circuit court's denial of his state habeas petition to the Virginia Supreme Court. In his supporting brief he argued that his trial counsel was ineffective for failing to seek forensic testing of the victim's bed sheets and the knife. See Petr's State Br. in Supp. at 11-12.

3

which requires the appellant to list the specific errors in the lower court proceedings upon which he intends to rely. The Fourth Circuit has held that the procedural default rules set forth in Rule 5:17(c) constitute adequate and independent state-law grounds for decision. See Hendrick v. True, 443 F.3d 342, 360-63 (4th Cir. 2006); Yeatts v. Angelone, 166 F.3d 255, 265. Therefore these claims are procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

### B. Claim (3)

Parker failed to exhaust his third claim because he did not present it to the Virginia Supreme Court on either direct appeal or state habeas review. On appeal from the circuit court's dismissal of his state habeas petition Parker did argue that his trial counsel failed to seek forensic testing of several pieces of evidence; however, the pieces of evidence Parker referred to in his supporting brief were the knife and the victim's bed sheets. See Petr's State Br. in Supp. at 11-12. Parker did not raise counsel's alleged failure to test "tissues that possibly contained the attacker's ejaculate." Nevertheless, this claim is exhausted for purposes of federal review because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, were Parker to attempt to now bring this unexhausted claim before the Supreme Court of Virginia, it would be procedurally barred as both untimely and successive, under Virginia Code § 8.01-654(A)(2) and (B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, this claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

C. Fundamental Miscarriage of Justice

In Parker's Response to the Motion to Dismiss, he attempts to argue that a fundamental miscarriage of justice will result if his claims are dismissed as procedurally defaulted. The fundamental miscarriage of justice exception usually turns on a claim of actual innocence by the petitioner. See Murray v. Carrier, 477 U.S. 478, 496 (1986). But, in some circumstances the exception can be used to overcome a lack of "cause" and "actual prejudice" as these "are not rigid concepts; they take their meaning from the principles of comity and finality." Engle v. Isaac, 456 U.S. 107, 135 (1982). And, in "appropriate cases those principles must yield to the imperative of correcting a fundamentally unjust incarceration." Engle, 456 U.S. at 135; see also Carrier, 477 U.S. at 495-496 ("Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

In this case, Parker's arguments do not establish that he is a victim of a "fundamentally unjust incarceration." In arguing that a fundamental miscarriage of justice will result, Parker merely reasserts two of the claims raised in his federal habeas petition. See Resp. at 2; ECF No. 15 (stating that trial counsel was ineffective for failing to order forensic testing of the knife and the bed sheets). As discussed above, these claims were rejected on the merits in the circuit court and denied as procedurally defaulted by the Supreme Court of Virginia during Parker's state habeas proceeding. Parker cannot now invoke these same claims as evidence of a fundamental miscarriage of justice.

Furthermore, petitioner also states that his attorney failed to inform him that DNA testing was available. Petitioner raised this claim in his state habeas petition, and the circuit court rejected it. Additionally, there is overwhelming evidence in the record that petitioner was the perpetrator of these crimes. For example, the forensic nurse examiner testified that the victim told her five hours after the attack that her assailant was a maintenance worker at her building. Parker v. Commonwealth, R. No. 0787-080-2. The victim identified Parker from a photo-spread within twenty-four hours of the incident and at trial she unequivocally stated that she was sure of his identity. Moreover, it is undisputed that in his capacity as a maintenance man, Parker had access to the master keys to the apartments. And, the day after the crime Parker's co-workers testified that he was acting strangely and had changed his appearance. Thus, based on the record it does not appear that Parker is the victim of a "fundamentally unjust incarceration." Engle, 456 U.S. at 135. Therefore, the fact that Parker was not informed of the availability of DNA testing is not sufficient to constitute a fundamental miscarriage of justice sufficient to excuse procedural default.

### III. Outstanding Motions

Also before the Court is Parker's Rule 6 Motion for § 2254 cases in which he requests leave to conduct discovery. Because the Motion to Dismiss will be granted and the petition will be dismissed, Parker's Motion must be dismissed as moot.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted and this petition must be dismissed as procedurally defaulted. Petitioner's Rule 6 Motion will be dismissed as moot. An appropriate Order shall issue.

Entered this 2nd day of February 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia